IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 9, 2024

**STATE OF TENNESSEE v. JOHNNY WILKERSON**

**Appeal from the Criminal Court for Shelby County**
**No. 14-03148      Chris Craft, Judge**

_____

**No. W2023-01478-CCA-R3-CD**
_____

A Shelby County jury convicted the Defendant, Johnny Wilkerson, of two counts of aggravated assault. The trial court imposed twenty-year sentences for each conviction and ordered them to be served consecutively for a total effective sentence of forty years. The Defendant challenged the sufficiency of the evidence to sustain his convictions, and this court affirmed the judgments. *State v. Wilkerson*, No. W2016-00078-CCA-R3-CD, 2016 WL 6596103, at *1 (Tenn. Crim. App. Nov. 7, 2016), *no perm. app. filed*. The Defendant sought post-conviction relief, which the post-conviction court denied, and this court affirmed on appeal. *Wilkerson v. State*, No. W2019-00459-CCA-R3-PC, 2020 WL 506781, at *1 (Tenn. Crim. App. Jan. 30, 2020), *no perm. app. filed*. Subsequently, the Defendant filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1, challenging the imposition of consecutive sentencing. The trial court denied the Defendant's motion on the grounds that consecutive sentencing was authorized pursuant to statute and therefore the Defendant's sentence was not illegal. On review, having determined that the Petitioner has failed to state a colorable claim for Rule 36.1 relief, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J. and JOHN W. CAMPBELL, SR., J., joined.

Johnny Wilkerson, Hartsville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Steven J. Mulroy, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## I. Facts and Procedural History

This case arises from the Defendant robbing two victims at gunpoint outside the victims' apartment in Memphis, Tennessee. A Shelby County grand jury indicted the Defendant for two counts of aggravated assault and a jury convicted him as charged. The trial court sentenced the Defendant to consecutive sentences of twenty years for each conviction. *Wilkerson*, 2016 WL 6596103, at *5. The Defendant appealed, only challenging the sufficiency of the evidence regarding his identity. *Id.* This court concluded that the State presented sufficient evidence of identity to support the Defendant's convictions. *Id.* at *7.

The Defendant then filed a petition for post-conviction relief, contending that he had received ineffective assistance of counsel in relation to trial strategy. The post-conviction court denied the petition after a hearing, and we affirmed on appeal. *Wilkerson*, 2020 WL 506781, at *5.

Thereafter, the Defendant filed a motion, pursuant to Tennessee Rule of Criminal Procedure 36.1, alleging that his sentence was illegal because the trial court improperly ordered consecutive sentencing. In its order summarily dismissing the motion, the trial court provided the following statement:

> He did not raise this issue as to [consecutive] sentencing on his direct appeal, or in his later -filed petition for post-conviction relief and its appeal.

> An illegal sentence has been defined as one which is in direct contravention of the express provisions of an applicable statute, and consequently is a nullity. Included within this definition are sentences which are not authorized under the applicable statutory scheme. *See State v. Brown*, 479 S.W.3d 200, 208 (Tenn. 2015). Tenn. R. Crim. P. 36.1(a)(2). In this case, both of the sentences the [D]efendant received are authorized under the statutory scheme and are therefore not illegal. Any claim that the trial judge abused his discretion in ordering that the two sentences be served consecutively should have been raised on the appeal of his trial or in his petition for postconviction relief.

The trial court denied the motion pursuant to Tenn. R. Crim. P. 36.1 (b)(2), for failure to state a colorable claim. It is from this judgment that the Defendant now appeals.

## II. Analysis

2

On appeal, the Defendant asserts that the trial court erred when it denied his motion because the trial court improperly determined the Defendant's sentencing range when it considered imposing consecutive sentences at his sentencing hearing. He further contends that the trial court made insufficient findings with respect to the consecutive sentencing factors. The State responds that the trial court properly dismissed the Defendant's motion for failure to state a colorable claim because the Defendant did not allege a "fatal" sentencing error that would be cognizable for relief pursuant to Rule 36.1. The State alleges that, as the criteria for consecutive sentencing was met in this case, the Defendant's challenge to his sentence is an "appealable" error which should have been raised on direct appeal or at post-conviction and is therefore not a colorable claim for relief pursuant to Rule 36.1. We agree with the State.

Tennessee Rule of Criminal Procedure 36.1 provides in pertinent part that:

(a) Either the defendant or the state may [at any time] seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. . . . For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall promptly be provided to the adverse party. The adverse party shall have thirty days within which to file a written response to the motion. . . . If the motion states a colorable claim that the unexpired sentence is illegal . . . and if the defendant is indigent and is not already represented by counsel, the [trial] court shall appoint counsel to represent the defendant. The court then shall hold a hearing on the motion[, unless all parties waive the hearing].

Tenn. R. Crim. P. 36.1(a), (b) (2014). Rule 36.1 does not define the term "colorable claim." Nevertheless, our supreme court has explained that "for purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015).

Whether a sentence is illegal pursuant to Rule 36.1 is a question of law that we review de novo with no presumption of correctness. *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007) (reviewing de novo the issue of whether a sentence is illegal for purposes of habeas corpus relief)); *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006); *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004) (citing *Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002)) (applying de novo review to determine whether a post-conviction petition states a colorable claim for relief)).

The following are examples of illegal sentences:

(1) a sentence imposed pursuant to an inapplicable statutory scheme; (2) a sentence designating a [Release Eligibility Date (RED)] where a RED is specifically prohibited by statute; (3) a sentence ordered to be served concurrently where statutorily required to be served consecutively; and (4) a sentence not authorized for the offense by any statute.

*Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010) (internal citations omitted).

The Defendant alleges that his sentence is illegal because the criteria for consecutive sentencing was not met. From our review of the record, we have determined that the Petitioner has failed to state a colorable claim for Rule 36.1 relief. At sentencing, the trial court considered evidence that the Defendant had a history of criminal activity which was extensive and, accordingly, opted to run the Defendant's sentences consecutively, which was within its discretion. Accordingly, the trial court did not err when it denied his motion for Rule 36.1 relief. The Defendant is not entitled to relief.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE

4